COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

ANNE H. PECK (124790) (peckah@cooley.com)
JEFFREY T. NORBERG (215087) (jnorberg@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff
Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. CV 10-03654-RMW |
| Plaintiff, | PLAINTIFF FACEBOOK, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER |
| v. | |
| TEACHBOOK.COM, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | DATE: January 7, 2011<br>TIME: 9:00 a.m.<br>COURT: 4th Floor, No. 6 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTS RELEVANT TO THIS MOTION ........................................................................... 1

III. ARGUMENT .......................................................................................................................... 3

    A. This Court has Personal Jurisdiction over Defendant .............................................. 3

        1. Teachbook Purposefully Availed Itself of California's Jurisdiction by Selecting a Generic Plus Book Mark to Compete with Facebook ......... 4

        2. Teachbook Knew Its Actions Would Injure Facebook .............................. 5

        3. This Litigation Arises out of Teachbook's Contacts with California ......... 7

        4. The Exercise of Jurisdiction is Reasonable................................................. 8

        5. The Court Should Allow Jurisdictional Discovery .................................... 9

    B. Venue is Proper in the Northern District of California ......................................... 10

    C. Discretionary Transfer Should be Denied.............................................................. 10

IV. CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brayton Purcell, LLP v. Recordon & Recordon*,
 606 F.3d 1124 (9th Cir. 2010) ............................................................................................. 3, 5

*Calder v. Jones*,
 465 U.S. 783 (1984) ............................................................................................................. 3, 4

*Cubbage v. Merchent*,
 744 F.2d 665 (9th Cir. 1984) ................................................................................................... 8

*Cybersell, Inc. v. Cybersell, Inc.*,
 130 F.3d 414 (9th Cir. 1997) ................................................................................................... 4

*Davis v. Howze*,
 2003 WL 2131728 .................................................................................................................. 8

*Digby Alder Group, LLC v. Image Rent A Car, Inc.*,
 No. 10-617 SC, 2010 WL 2867134 (N.D. Cal. July 20, 2010) .......................................... 7, 10

*Dwyer v. General Motors Corp.*,
 853 F.Supp. 690 (S.D.N.Y. 1994) ........................................................................................ 11

*First of Michigan Corp. v. Bramlet*,
 141 F.3d 260 (6th Cir. 1998) ................................................................................................. 10

*Golden Scorpio Corp. v. Steel Horse Saloon I*,
 No. CV-08-1781-PHX-GMS, 2009 WL 348740 (D. Ariz. Feb. 11, 2009) ............................. 8

*Halo Elec., Inc. v. Bel Fuse, Inc.*,
 No. C-07-0622 RMW, 2010 WL 2605195 (N.D. Cal. June 28, 2010) ................................... 9

*Hernandez v. Graebel Van Lines*,
 761 F.Supp. 983 (E.D.N.Y. 1991) ........................................................................................ 11

*Nissan Motor Co., Ltd. v. Nissan Computer Corp.*,
 89 F.Supp.2d 1154 (C.D. Cal. 2000) ................................................................................... 5, 7

*Open Road Ventures, LLC v. Daniel,*
 No. C-09-02041 RMW, 2009 WL 2365857 (N.D. Cal. July 30, 2009) ................................ 10

*Panavision Int'l, L.P. v. Toeppen,*
 141 F.3d 1316 (9th Cir. 1998) ............................................................................................. 4, 7

*Portrait Displays, Inc. v. Speece*,
 No. C-04-1501 RMW, 2004 WL 1964506 (N.D. Cal. Sep. 4, 2004) ................................. 3, 8

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

*Precision Craft Log Structures, Inc. v. Cabin Kit Co., Inc.*,
   No. CV05-199-S-EJL, 2006 WL 538819 (D. Idaho March 3, 2006) ....................................... 5

*Schieffelin & Co. v. Jack Co. of Boca, Inc.*,
   725 F.Supp. 1314 (S.D.N.Y. 1989) ................................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................................................. 7

*The Bear Mill, Inc. v. Teddy Mountain, Inc.*,
   No. 2:07-CV-492-ELJ-LMB, 2008 WL 2323483 (D. Idaho, May 7, 2008) ............................ 5

**STATUTES**

28 U.S.C. § 1391(b)(2) .................................................................................................. 10

28 U.S.C. § 1404(a) ...................................................................................................... 10

**OTHER AUTHORITIES**

Rule 26 .......................................................................................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

**FACEBOOK'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER**
**CASE NO. CV 10-03654 RMW**

## I. INTRODUCTION

Teachbook's motion to dismiss asks this Court to accept as true the astonishing claim that Teachbook selected its –BOOK trademark without any intent to call to mind the plaintiff's FACEBOOK mark. This argument is directly contradicted by the evidence attached to Facebook's complaint and is simply not credible. On its website, Teachbook touts itself not just as a networking site for Teachers, but as an alternative to Facebook. The evidence attached to the complaint and submitted with this opposition – evidence which must be viewed in a light most favorable to Facebook in the context of this motion – establishes that Teachbook not only knew of Facebook at the time it adopted its TEACHBOOK mark, but that it specifically intended to siphon off a segment of Facebook's users. Having targeted Facebook, a California resident, by selecting a confusingly similar and dilutive –BOOK formative mark, Teachbook cannot complain that it is subject to suit where the effects of its injurious actions are most felt. Teachbook's motion to dismiss should be denied.

Teachbook's motion to dismiss or transfer based on venue should also be denied. Venue is proper in the Northern District of California because this is where Facebook was injured. Moreover, Facebook's choice of the Northern District of California – Facebook's own residence – must be given great weight under relevant Ninth Circuit precedent, and Teachbook has failed to carry its burden of showing that Facebook's choice of forum should be disregarded.

## II. FACTS RELEVANT TO THIS MOTION

Since its founding in 2004, Facebook has grown exponentially and now provides its social networking services under the FACEBOOK mark to more Americans than any other social networking service. Complaint ¶9; Declaration of Jeffrey T. Norberg in Support of Facebook's Opposition to Teachbook's Motion to Dismiss ("Norberg Decl.") Ex. 1. At the time the Complaint was filed, Facebook was the second most trafficked website in the United States. Complaint ¶7. The FACEBOOK mark appears on hundreds of thousands of third-party websites, many of which are unrelated to social networking, and Facebook enjoys nearly continuous unsolicited media coverage. Complaint ¶14 & Norberg Decl. Ex. 2. In short, the FACEBOOK mark is famous.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

1    Facebook owns multiple registrations and applications for its FACEBOOK and related
2 marks. Complaint ¶12 & Exs. A, B. The –BOOK component of the FACEBOOK mark is
3 arbitrary and has no descriptive meaning in connection with Facebook's services. Complaint ¶13.
4 Facebook's enormous popularity and the fame of the FACEBOOK mark has inspired numerous
5 third parties, including Teachbook, to apply for and/or use –BOOK formative trademarks for
6 competing networking services. While Facebook welcomes competition, because use of generic
7 plus BOOK marks on competing websites is likely to confuse consumers and dilute the
8 FACEBOOK brand, Facebook is compelled to police these uses. Complaint ¶¶13, 14, Norberg
9 Decl. Ex. 3.

10   Defendant uses the mark TEACHBOOK in connection with an online networking
11 website, accessible at www.teachbook.com. Complaint ¶15. The nature of Teachbook's services,
12 as well as statements on the www.teachbook.com website clearly demonstrate that Teachbook
13 selected its –BOOK formative trademark with an intention to call to mind the famous
14 FACEBOOK mark and to compete with Facebook for users. Complaint ¶¶15-19. Indeed,
15 Teachbook advertises itself as a substitute for Facebook:

> Many schools forbid their teachers to maintain Facebook and MySpace accounts because of the danger that students might learn personal information about their teachers. With Teachbook, you can manage your profile so that only other teachers and/or school administrators can see your personal information, blogs, posts, and so on. Teachbook is all about community, utility, and communications for teachers.

20 Complaint ¶16 & Ex. C (printouts of teachbook.com website). Teachbook has also filed a
21 trademark application to register TEACHBOOK in International Classes 38 and 42 for, *inter alia*,
22 providing social networking services. Complaint ¶17. Facebook has opposed this application.
23 *Id*.

24   Facebook filed this action against Teachbook on August 18, 2010 alleging trademark
25 infringement and dilution of Facebook's famous FACEBOOK trademark. In the complaint
26 Facebook alleges that jurisdiction and venue are appropriate in the Northern District of California
27 because Teachbook intentionally adopted an infringing trademark for use on services that
28 compete with Facebook, and because Facebook, a resident of Palo Alto, suffered its injuries in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

this district. Complaint ¶¶5-6.

### III. ARGUMENT

#### A. This Court has Personal Jurisdiction over Defendant

Teachbook's motion to dismiss for lack of personal jurisdiction fails because Teachbook adopted its TEACHBOOK mark with the specific intent of injuring Facebook, a resident of California. The Due Process Clause permits personal jurisdiction over a defendant in any state in which the defendant has minimum contacts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). When specific jurisdiction is alleged, as it is in Facebook's complaint, the Ninth Circuit evaluates three criteria. First, whether the defendant's contacts with the forum constitute a "purposeful availment" – that is, "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Portrait Displays, Inc. v. Speece*, No. C-04-1501 RMW, 2004 WL 1964506, (N.D. Cal. Sep. 4, 2004) (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988)). Second, whether the litigation arises out of the defendant's contact with the forum state. *Id*. Third, whether the exercise of jurisdiction is reasonable. *Id*.

Although the plaintiff bears the burden of establishing that personal jurisdiction exists, where the District Court decides the motion on the papers, without holding an evidentiary hearing, "a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell, LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). In deciding the motion, the District Court must take the uncontroverted allegations in the plaintiff's complaint as true, and conflicts in the evidence must be resolved in the plaintiff's favor. *Id*. (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)).

As discussed in greater detail below, the allegations in Facebook's complaint and the evidence that has been submitted to the Court satisfy these requirements.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

### 1. Teachbook Purposefully Availed Itself of California's Jurisdiction by Selecting a Generic Plus Book Mark to Compete with Facebook

The purposeful availment prong of the specific jurisdiction analysis is satisfied where a plaintiff's allegations establish that the defendant: (1) committed an intentional act that was; (2) expressly aimed at the forum; and (3) the defendant knew that the effects of the injury would be felt in the forum.  *Calder*, 465 U.S. at 789-90.  This three factor test, often referred to as "the effects test" is satisfied here because Facebook has alleged in the complaint that Teachbook: (1) intentionally selected a dilutive and confusingly similar trademark; (2) intending to compete with Facebook, a California resident; and (3) knowing that Facebook would be injured.

Teachbook argues that the first two elements of the *Calder* effects test – an intentional act that is expressly aimed at the forum – are not satisfied because Teachbook has not directed any of its activity at California.  In making its argument, Teachbook relies on *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-420 (9th Cir. 1997), for the proposition that a non-resident defendant's acts of registering an infringing domain and posting infringing material on a passive website are not enough to satisfy the minimum contacts test of the Due Process Clause.  Op. Br. at 10-11.  Teachbook is correct that *Cybersell* stands for the proposition that merely operating a passive website without "something more" is insufficient for a finding of personal jurisdiction.  Teachbook, however, ignores the Ninth Circuit's decision just one year later in *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316 (9th Cir. 1998), and its progeny, which held that the *Cybersell* "something more" test is satisfied when the defendant adopts an infringing mark with the specific intent of profiting off of a competitor's good will.

In *Panavision*, the Ninth Circuit found specific jurisdiction where the plaintiff showed that the defendant registered infringing domain names with the intent of selling the domain names to a forum resident.  *Id*. at 1322.  Applying the effects test, the *Panavision* panel noted that the purposeful availment requirement was satisfied because the defendant knew that its conduct would injure the plaintiff, a company located in California.  *Id*.

In the cases since *Panavision* both the Ninth Circuit and numerous District Courts have held that it is proper to exercise specific personal jurisdiction over a defendant who

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO.  CV 10-03654 RMW

misappropriates the intellectual property of a forum resident for the purpose of competing with the plaintiff. Earlier this year in *Brayton,* 606 F.3d at 1130, the Ninth Circuit found the *Cybersell* "something more" standard satisfied where the defendant had prior knowledge of the plaintiff, targeted the plaintiff's business, misappropriated the plaintiff's intellectual property, and entered into competition with the plaintiff. In *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 89 F.Supp.2d 1154, 1160 (C.D. Cal. 2000), Judge Pregerson held that the *Cybersell* standard was satisfied when the non-resident defendant adopted the mark NISSAN for computers with the intent of deriving advertising revenue from consumers who were looking for the NISSAN automobile website. And in *The Bear Mill, Inc. v. Teddy Mountain, Inc.*, No. 2:07-CV-492-ELJ-LMB, 2008 WL 2323483 (D. Idaho, May 7, 2008), the Idaho District Court held that the *Cybersell* standard was satisfied where the defendant misappropriated the trademark of a competitor that it knew to be a resident of Idaho. *See also Precision Craft Log Structures, Inc. v. Cabin Kit Co., Inc.*, No. CV05-199-S-EJL, 2006 WL 538819 (D. Idaho March 3, 2006) (fact that plaintiff and defendant are competitors weighs in favor of a finding of personal jurisdiction).

Facebook's complaint alleges that, like the defendants in *Panavision* and the other cases discussed above, Teachbook usurped Facebook's intellectual property with the intention of injuring Facebook in California. Complaint ¶¶15-19. The complaint includes allegations and attaches evidence establishing that Teachbook knew of Facebook when it launched and intended its service to compete with Facebook. Complaint Ex. C. The complaint also includes allegations that the FACEBOOK trademark is famous, and that Teachbook selected a generic plus BOOK trademark for its social networking services to capitalize on the fame of Facebook and call to mind the FACEBOOK mark for use with a competing service. Complaint ¶¶16-20. These allegations establish purposeful availment.

**2. Teachbook Knew Its Actions Would Injure Facebook**

Regarding the third factor of the *Calder* test, that the defendant knew its actions would harm a resident of the forum, Teachbook does not dispute that it knew of Facebook when it adopted the TEACHBOOK mark, nor does it dispute Facebook's allegation that Teachbook adopted its TEACHBOOK mark with the intent to call to mind the famous FACEBOOK

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

trademarks. Instead, Teachbook's declarations make only two claims relevant to the purposeful availment inquiry: (1) that Teachbook did not believe the adoption of its mark would harm Facebook because there were numerous other –BOOK trademarks in use, all without apparent objection from Facebook; and (2) that Teachbook has specifically prohibited users in California from using its site. Neither of these claims prevent this Court from exercising personal jurisdiction over Teachbook.

First, Teachbook's claim that it did not believe the adoption of a confusingly similar mark would harm Facebook is simply not credible. The incomplete trademark search report attached to the declaration of Teachbook's lawyer Anthony Abboud appears to have been strategically excerpted to avoid disclosing that Teachbook's trademark search results likely included numerous references to several trademark applications and registrations for the FACEBOOK mark. Abboud Decl. Ex. B. Nonetheless, even the limited information disclosed by Teachbook in this incomplete report put Teachbook on notice that Facebook would be injured by Teachbook's selection of a generic plus BOOK mark for competing networking services. The search report shows that, as of March 1, 2009, Facebook had filed extensions of time to oppose several of the disclosed –BOOK formative marks, including MY SIMBOOK (pp. 95-98), HOOK BOOK (p. 103), VETBOOK (pp. 120-121), WEBOOK (p. 122), INFOBOOK (p. 147) and IMMORTALITY BOOK (p. 148). Between the March 11, 2009 date of Teachbook's trademark search report and October 6, 2009 (the effective date of Teachbook's terms of service – Shrader Decl. Ex. A), Facebook filed several other extensions of time to oppose –BOOK formative marks and instituted four separate opposition proceedings with the Trademark Trial and Appeal Board: VETBOOK (March 30, 2009), OFFICEBOOK (April 20, 2009), TALKBOOK (September 14, 2009) and ASSBOOK (October 5, 2009). Norberg Decl. Exs. 3-7. And, long before Teachbook commissioned its search, Facebook opposed an application for the trademark DATEBOOK. Norberg Decl. Ex. 8. In light of Facebook's extensive efforts to protect its brand from the confusion and dilution presented by the other –BOOK formative trademark applications, Teachbook's claim that it did not know Facebook would be injured by adopting a –BOOK mark for competing services is not believable.

Second, Teachbook's claim that it does not seek users in California is not dispositive because Teachbook's acts of targeting and injuring a California plaintiff are sufficient for this Court to exercise jurisdiction under the *Cybersell* and *Panavision* line of cases. *See* Section II.A.1., above. In a case earlier this year, Judge Conti held that, under the Ninth Circuit's recent *Brayton Purcell* decision, "the location of the customers is irrelevant, as long as the plaintiff and defendant are in direct competition, the defendant's alleged tort was in furtherance of this competition, the defendant knew the plaintiff resided in the forum state, and the defendant knew the harm would be felt in the forum state." *Digby Alder Group, LLC v. Image Rent A Car, Inc.*, No. 10-617 SC, 2010 WL 2867134, at *4 (N.D. Cal. July 20, 2010) (citing *Brayton Purcell*, 606 F.3d at 1130-31). Unlike the defendant in *Schwarzenegger*, upon which Teachbook relies, Teachbook has specifically targeted Facebook's users as potential users of the Teachbook service. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). In addition to Teachbook's targeting of Facebook, the Teachbook site currently contains advertisements from a prominent California company (Yahoo!), suggesting that Teachbook has advertising contracts with California residents. Norberg Decl. Exs.12-13; *Nissan*, 89 F.Supp.2d at 1159 (contracts with California-based advertisers support finding purposeful availment). Moreover, it is not clear from Teachbook's declaration precisely when Teachbook adopted a privacy policy prohibiting California residents from joining Teachbook as members, nor whether Teachbook has had such a policy for the entire time it has used its infringing trademark. Facebook has issued discovery to Teachbook in an effort to investigate these issues, responses to which are due within 10 days of this filing. Norberg Decl. Exs. 10-11.

### 3. This Litigation Arises out of Teachbook's Contacts with California

It cannot seriously be disputed that Facebook's claims under the Lanham Act arise out of the Teachbook's forum related activities; namely, the act of adopting a mark that Teachbook knew would injure Facebook in California. In *Panavision,* the Ninth Circuit held that this standard was satisfied because the plaintiff showed that, "but for" the defendant's purchase of the infringing domain names, the plaintiff would not have been injured in the forum. *Panavision,* 141 F.3d at 1322. This standard is readily satisfied here – "but for" Teachbook's adoption of an

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

infringing mark to provide a competing site, Facebook would not have been injured. The Arizona District Court case cited by Teachbook - *Golden Scorpio Corp. v. Steel Horse Saloon I*, No. CV-08-1781-PHX-GMS, 2009 WL 348740, at *2 (D. Ariz. Feb. 11, 2009), does not teach otherwise.[1]

### 4. The Exercise of Jurisdiction is Reasonable

Courts in the Ninth Circuit examine seven factors in determining whether it is reasonable to exercise personal jurisdiction over a non-resident defendant: (1) the extent of the defendant's purposeful interjection into California's affairs; (2) the burden on the defendant; (3) the potential for conflict with the sovereignty of Illinois; (4) California's interest in adjudicating this dispute; (5) the efficiency of the plaintiff's chosen forum; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Portrait Displays, Inc.,* 2004 WL 1964506, at *6. However, "[o]nce plaintiff has established purposeful availment and shown that its claims arise out of defendant's purposeful contacts, defendant must present a compelling case of the unreasonableness of jurisdiction in order to defeat jurisdiction." *Id.* Teachbook has not presented any "compelling case."

The first, fourth and sixth factors all favor Facebook's selection of California – Facebook's home state – and the remaining factors are neutral. The first factor – Teachbook's purposeful interjection into California's affairs – is satisfied here because, as discussed above, Teachbook's wrongful activities are directed at Facebook in California. *See Portrait Displays*, 2004 WL 1964506, at *3. The fourth factor favors Facebook because "California has a strong interest in providing a forum and effective means of redress to its residents who are toriously injured." *Id.*, at *8 (citing *Dole*, 303 F.3d at 1115-1116). The sixth factor – the importance of the plaintiff's choice of forum – also favors Facebook because Facebook is a resident of California. *Cubbage v. Merchant*, 744 F.2d 665, 672 (9th Cir. 1984) (jurisdiction of California court favored where plaintiff is a California resident).

The third factor (interests of interstate sovereignty), the fifth factor (efficiency of the chosen forum) and the seventh factor (the availability of an alternate forum) are all neutral –

---

[1] Teachbook also cited a case called *Davis v. Howze*, 2003 WL 2131728, which Facebook was unable to locate using the citation included in Teachbook's brief.

Facebook's headquarters (and therefore its evidence and witnesses) are here in the Northern District of California (Norberg Decl. Ex. 9), as are Facebook's lawyers, and Teachbook's evidence and witnesses are in Illinois.

The only factor that Teachbook even attempts to establish is the second factor – the burden on the defendant to litigate in California. However, Teachbook has, so far, refused to identify its witnesses in this case, so it is not possible to fully evaluate Teachbook's claim of burden. This factor, on its own, is not dispositive.

### 5. The Court Should Allow Jurisdictional Discovery

The facts presented in Facebook's complaint and discussed above are sufficient, on their own, to deny Teachbook's motion to dismiss. Nonetheless, Facebook has already issued jurisdictional discovery to the Defendant, and responses are due within a week of this filing. Norberg Decl. Exs. 11-12. Based on Teachbook's refusal to provide Rule 26 disclosures on the parties' previously agreed disclosure date, Facebook anticipates that Teachbook will not provide any substantive responses to Facebook's discovery.

This Court has previously granted jurisdictional discovery when additional information could be useful in determining the outcome of a motion to dismiss for lack of personal jurisdiction. *See Halo Elec., Inc. v. Bel Fuse, Inc.*, No. C-07-0622 RMW, 2010 WL 2605195, at *7 (N.D. Cal. June 28, 2010). Jurisdictional discovery could be helpful on several issues. First, jurisdictional discovery would allow Facebook to investigate the details surrounding Teachbook's awareness of Facebook during Teachbook's trademark selection process, and Teachbook's intended purpose in selecting its generic plus BOOK trademark. Second, jurisdictional discovery would allow Facebook to test whether Teachbook's claim that it did not intend to harm Facebook in California is reasonable in light of the information available to Teachbook during its mark selection process. Teachbook's moving papers disclose portions of the advice it received from counsel without providing Facebook and the Court a full opportunity to evaluate whether Teachbook also received advice against selecting a generic plus BOOK mark for its networking services. Third, jurisdictional discovery would allow Facebook to examine the circumstances surrounding Teachbook's decision to exclude California residents from using Teachbook's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

1 services, including whether this policy has been in place since Teachbook's launch. Fourth, jurisdictional discovery will allow Facebook to investigate whether Teachbook has contracts with California advertisers other than Yahoo! Therefore, to the extent this Court determines that it would be helpful in deciding this motion, Facebook requests jurisdictional discovery.

### B. Venue is Proper in the Northern District of California

Teachbook's motion to dismiss for improper venue should be denied because Facebook was injured in this district. Venue is proper in any district where a substantial part of the events or omissions giving rise to the claim occur. 28 U.S.C. §1391(b)(2). In cases where venue is proper in multiple districts, the plaintiff may bring its suit in any proper venue. *See, e.g., First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). As discussed in greater detail above, Teachbook's infringing activities were directed at Facebook in California, and Facebook was injured here. Venue is therefore proper and Teachbook's motion should be denied. *Open Road Ventures, LLC v. Daniel,* No. C-09-02041 RMW, 2009 WL 2365857, at *4 (N.D. Cal. July 30, 2009) ("because the injury occurred in California, venue is proper here[]").

### C. Discretionary Transfer Should be Denied

Teachbook's motion for discretionary transfer under 28 U.S.C. §1404(a) should be denied because Teachbook has not met its burden of showing that convenience or justice outweigh Facebook's choice to litigate in its home forum. Section 1404(a) allows a court to transfer a case "for the convenience of parties and witnesses, in the interest of justice" to any other district or division where it may have been brought. 28 U.S.C. §1404(a). The defendant, as the moving party, has the burden of showing that transfer is appropriate. *Open Road Ventures,* 2009 WL 2365857, at *14.

The fact that the plaintiff brings the claim in the district of its principal place of business weighs heavily against transfer, and courts in this district regularly deny such motions. *See, e.g. Open Road Ventures, LLC v. Daniel,* 2009 WL 2365857, at *13-14; *Digby Alder Group, LLC,* 2010 WL 2867134, at *4. Facebook, headquartered in Palo Alto, California, brought this case in its home forum, the Northern District of California. Facebook's choice of forum should therefore be given deference, and Teachbook has failed to meet its heavy burden of showing that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW

1  discretionary transfer is appropriate.

2        While courts generally consider a number of factors in determining whether to transfer a
3  case, Teachbook makes only two factual arguments in support of its motion: (1) that litigating in
4  the Northern District of Illinois would be more convenient to Teachbook because Teachbook is a
5  small company located there; and (2) that it would not be inconvenient to Facebook to litigate in
6  the Northern District of Illinois because Facebook has an office in that district and Facebook's
7  outside counsel has previously represented another client in litigation there.  Op. Br. at 24.  These
8  arguments do not provide a basis for transfer.

9        First, the fact that Facebook's outside counsel has appeared in the Northern District of
10 Illinois on behalf of *a different client* is irrelevant.  The transfer analysis focuses on the
11 convenience to the parties and witnesses, and not on the work history of the parties' outside
12 counsel.  *See, e.g, Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 988 (E.D.N.Y. 1991)
13 (considering any inconvenience that might enure to counsel unpersuasive and not a factor to
14 consider).  Second, Facebook's headquarters, including its witnesses and evidence that will be
15 used in this litigation, are located in Palo Alto, not Illinois.  Norberg Decl. Ex. 9.  Transferring
16 venue from this district to the Northern District of Illinois would simply shift the inconvenience
17 of litigating in an out-of-state forum from Teachbook to Facebook – something Courts generally
18 do not do.  *See, e.g. Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 693 (S.D.N.Y. 1994);
19 *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1321 (S.D.N.Y. 1989).

20       Teachbook's arguments for transfer simply do not provide a basis for this Court to
21 disregard Facebook's choice to litigate this matter where Facebook resides.  Teachbook's motion
22 for discretionary transfer should therefore be denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO.  CV 10-03654 RMW

## IV. CONCLUSION

For the foregoing reasons, Teachbook's motion to dismiss or transfer should be denied.

Dated: December 17, 2010

COOLEY LLP
MICHAEL G. RHODES (116127)
ANNE H. PECK (124790)
JEFFREY T. NORBERG (215087)

/s/ *Jeffrey T. Norberg*
Jeffrey T. Norberg (215087)
Attorneys for Plaintiff
Facebook, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

FACEBOOK'S OPPOSITION TO MOTION TO
DISMISS OR TRANSFER
CASE NO. CV 10-03654 RMW